IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALVIN ALEXANDER,                §
(Tarrant # 0433873)            §
VS.                             §    CIVIL ACTION NO.4:05-CV-419-Y
                                §
                                §
MICHELLE DEA ALEXANDER, et al.  §


OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(b)(1),
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)
(With special instructions to the clerk of Court)

Plaintiff Alvin Alexander, an inmate presently housed at the Tarrant County jail, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). Alexander initiated this action with the filing, on June 29, 2005, of a form civil-rights complaint seeking relief under 42 U.S.C. § 1983. Alexander names as defendants his ex-wife, Michelle Dea Alexander, and J.P. Morgan Electronic Financial Services, Inc. (Compl. Style; ¶ IV(B).) In his complaint, Alexander alleges that after his arrest on unspecified charges, Michelle Alexander lied to police claiming that she had the right to access his apartment, whereupon she was given the key to the apartment, entered it, and took his Mastercard. (Compl. § V.) He also alleges that Michelle Alexander took his check from the Social Security Administration and improperly spent the proceeds, $579.00. (Compl. § V.) Alexander seeks repayment of the $579.00, plus damages. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Alexander's claims in this suit, the Court finds that they must be dismissed under the authority of 28 U.S.C. §§ 1915A and 1915(e)(2) (B).

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[6] As to Alexander's allegations against his ex-wife and the corporate defendant, he has failed to satisfy the first element. Alexander has not alleged that either Michelle Alexander or J.P. Morgan Electronic Financial Services, Inc. violated a constitutional or federal right, and the listed factual allegations do not state such a claim. Also, as to both of these defendants, Alexander has failed to allege facts showing that they acted under color of law. Thus, Alexander's claims asserted through 42 U.S.C. § 1983 against these defendants must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

In addition to failing to satisfy the elements to pursue a claim under 42 U.S.C. § 1983, the Court determines that Alexander has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute

---

[6]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331.  Because plaintiff Alexander has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.  Also, in order to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000, and that he is a citizen of one state and the defendants are citizens of another.[7] Complete diversity of citizenship is required, and a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants.[8]  Although Plaintiff listed a Florida address for the corporate defendant, he listed a Texas address for himself, and a Texas address for individual defendant Michelle Alexander.  Alexander has not otherwise asserted any facts to support jurisdiction on the basis of diversity of citizenship. Thus, any other claims must be dismissed for lack of subject matter jurisdiction.

It is therefore ORDERED that all claims under 42 U.S.C. § 1983 be, and they are hereby, DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

---

[7]*See* 28 U.S.C. § 1332(a)(1)(West 1993 and West Supp. 2005).

[8]*See Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992), *citing Strawberry v. Curtiss,* 7 U.S. 267 (1806).

It is further ORDERED that to the extent Plaintiff's asserts other claims, they are hereby DISMISSED WITH PREJUDICE to the right to refile in federal court for lack of subject matter jurisdiction.

SIGNED July 27, 2005.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE